IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO.:

RAMON MELENDEZ,

    Plaintiff,

v.

MAGIC LEAP, INC.,
a foreign corporation,

    Defendant.

_____/

## COMPLAINT

Plaintiff, Ramon Melendez ("Melendez"), under the provisions of the Florida Civil Rights Act of 1992 (FCRA) and the Family and Medical Leave Act of 1993 (FMLA), files this Complaint against Defendant, Magic Leap, Inc. ("Magic Leap") and alleges, as follows:

### PARTIES, JURISDICTION, AND VENUE

1. This is an action for damages, in which the amount in controversy is in excess of thirty thousand and no/100 ($30,000.00) dollars, exclusive of interest, court costs and attorney's fees.

2. Magic Leap is a foreign corporation authorized to conduct and conducting business in Broward County, Florida.

3. Melendez is *sui juris*, a resident of Broward County, Florida, and is otherwise subject to the jurisdiction of this Court.

4. Venue is proper in this Court as the cause of action accrued in and the parties are located within this judicial district.

## GENERAL ALLEGATIONS

5. Plaintiff was employed by Magic Leap as a "lead component engineer" from approximately December 18, 2017 through August 6, 2019.

6. As a lead component engineer his responsibilities were to conduct studies and draft reports in order to assess and validate plastic and metallic components for Magic Leap devices.

7. In the year preceding Plaintiff's termination, he had suffered from various medical conditions which resulted in him undergoing a bilateral hip replacement and a bilateral knee replacement.

8. As a result of Plaintiff's medical conditions and his subsequent surgeries, he had difficulty standing and walking.

9. Due to Plaintiff's difficulty standing and walking, he received approval from Defendant to be able to work from home.

10. While working from home, Plaintiff continued to perform his duties without issue.

11. On August 5, 2019, Plaintiff informed Defendant's human resources department via email that he had to undergo orthopedic surgery and that he would need to take medical leave.

12. On August 6, 2020, Defendant's human resources department responded to Plaintiff's email by thanking him for letting them know about his scheduled surgery and need to take medical leave.

13. Later that same day, on August 6, 2020, Defendant terminated Plaintiff.

14. Defendant unlawfully terminated Plaintiff due to his disability and his request for medical leave.

15. As a result, Plaintiff has suffered damages and is entitled to receive compensation.

16. As a direct and proximate result of Defendant's unlawful and willful actions, as set forth above, Plaintiff has suffered damages and will continue to suffer damages in the future including, but not limited to:
    a. Loss of past and future income;
    b. Loss of future earning capacity;
    c. Loss of other fringe benefits;
    d. Stress, mental anguish, anxiety, and emotional distress;
    e. Loss of capacity for the enjoyment of life;
    f. Medical care and treatment; and
    g. Other financial losses.
17. Plaintiff has complied with all condition's precedent to the filing of this action.
18. Plaintiff has retained the undersigned law firm to represent him in this action and is obligated to pay a reasonable attorney's fee.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

19. On December 23, 2019, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC).
20. On March 10, 2021, the EEOC provided Plaintiff with a Notice of Right to Sue (attached hereto as **Exhibit A**).
21. The Notice of Right to Sue granted Plaintiff the right to file a lawsuit in federal or state court within ninety (90) days of receipt of the Notice.

## COUNT I
## DISABILITY DISCRIMINATION (FCRA)

22. Plaintiff re-alleges paragraphs one (1) through twenty-one (21) above.

23. This is an action against Defendant for disability discrimination in violation of the FCRA (Fla. Stat. § 760.01 *et seq.*).

24. Defendant employed fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year and was thus an "employer" as defined by Fla. Stat. § 760.02(7).

25. Plaintiff was an individual covered under the protections of the FCRA.

26. Under the Fla. Stat. § 760.10:

"It is an unlawful employment practice for an employer ... [t]o discharge ... any individual, or otherwise discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, pregnancy, national origin, age, *handicap*, or marital status" (emphasis added).

27. Plaintiff was disabled as he had physical impairments which substantially limited his ability to stand and walk.

28. Defendant regarded Plaintiff as being disabled with physical impairments that substantially limited his ability to stand and walk and thus, allowed him to work from home.

29. Plaintiff was a qualified individual as he was able to perform the essential functions of his job with or without reasonable accommodation.

30. Defendant determined that Plaintiff could perform the essential functions of his job from home by approving his request to work from home and Plaintiff subsequently performed the essential functions of his job from home without issue.

31. Plaintiff was discriminated against because of his disabilities.

32. There is a clear temporal connection that establishes disability discrimination: On August 5, 2019, Plaintiff emailed Defendant's human resources department about his scheduled surgery to treat his disabilities. On August 6, 2019, Defendant terminated Plaintiff upon learning of his surgery to treat his disabilities.

33. Plaintiff suffered damages as a result of Defendant's unlawful discriminatory actions, including emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

34. Defendant intentionally violated Plaintiff's rights under the FCRA with malice and/or reckless indifference and, as a result, is liable for punitive damages.

## COUNT II
## RETALIATION (FMLA)

35. Plaintiff re-alleges paragraphs one (1) through twenty-one (21) above.

36. This is action against Defendant for retaliation in violation of the FMLA.

37. Defendant was an "employer" as defined by the FMLA, 29 U.S.C. § 2611(4).

38. Plaintiff was an "eligible employee" as defined by the FMLA, 29 U.S.C. § 2611(2).

39. The FMLA entitles employees to a total of twelve (12) workweeks of leave during any twelve (12) month period for medical reasons, the birth or adoption of a child, and the care of a child, spouse, or parent who has a serious health condition.

40. The FMLA provides that an employer may not terminate an employee who provides notice of a need for leave.

41. On August 5, 2019, Plaintiff invoked his right to request medical leave under the FMLA.

42. On August 6, 2019, Plaintiff was unlawfully terminated by Defendant in retaliation for his request for medical leave under the FMLA.

43. As a result of Defendant's unlawful retaliation, it is liable to Plaintiff for damages equal to the amount of any wages, salary, employment benefits, or other compensation denied or lost, interest, and liquidated damages, as stipulated under 29 U.S.C. § 2617(a).

## COUNT III
## INTERFERENCE (FMLA)

44. Plaintiff re-alleges paragraphs one (1) through twenty-one (21) above.

45. This is action against Defendant for interference in violation of the FMLA.

46. Defendant was an "employer" as defined by the FMLA, 29 U.S.C. § 2611(4).

47. Plaintiff was an "eligible employee" as defined by the FMLA, 29 U.S.C. § 2611(2).

48. The FMLA entitles employees to a total of twelve (12) workweeks of leave during any twelve (12) month period for medical reasons, the birth or adoption of a child, and the care of a child, spouse, or parent who has a serious health condition.

49. Under the FMLA, it is "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise" any right provided by the FMLA, 29 U.S.C. § 2615(a)(1).

50. On August 5, 2019, Plaintiff requested medical leave under the FMLA.

51. On August 6, 2019, Defendant terminated Plaintiff.

52. By terminating Plaintiff, the day after he requested medical leave, Defendant interfered with and denied Plaintiff his right to medical leave afforded to him under the FMLA.

53. As a result of Defendant's unlawful retaliation, it is liable to Plaintiff for damages equal to the amount of any wages, salary, employment benefits, or other compensation denied or lost, interest, and liquidated damages, as stipulated under 29 U.S.C. § 2617(a).

## DEMAND FOR JURY TRIAL

54. Plaintiff demands a trial by jury on all issues triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Ramon Melendez, respectfully requests that judgment be entered in his favor against Defendant, Magic Leap, Inc., as follows:

a) Award Plaintiff for his past and future loss of wages and benefits, plus interest;

b) Order Defendant to reinstate Plaintiff to a position comparable to his former position or, in lieu of reinstatement, award him front pay (including benefits);

c) Award Plaintiff liquidated damages, equal to the sum amount of backpay and interest;

d) Award Plaintiff all costs and reasonable attorneys' fees incurred in connection with this action;

e) Award Plaintiff compensatory damages;

f) Award Plaintiff punitive damages;

g) Grant Plaintiff such additional or alternative relief as the Court deems just and proper.

Respectfully submitted this 28th day of April 2021.

By: /s/ Henry Hernandez
Henry Hernandez, Esq.
Florida Bar No. 542601
Law Office of Henry Hernandez, P.A.
2655 S. Le Jeune Road, Suite 802
Coral Gables, FL 33134
Email: Henry@HHLAWFLORIDA.com
Tel: 305.771.3374

By: /s/ Monica Espino
Monica Espino, Esq.
Florida Bar No. 834491
Espino Law
2655 S. Le Jeune Road, Suite 802
Coral Gables, FL 33134
Email: me@espino-law.com
Tel: 305.704.3172

*Attorneys for Plaintiff*

EEOC Form 161 (11/2020)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

Exhibit A

To: Ramon Melendez
22155 Flower Drive
Boca Raton, FL 33428

From: Miami District Office
Miami Tower, 100 S E 2nd Street
Suite 1500
Miami, FL 33131

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No |
|---|---|---|
| 510-2020-01674 | Pablo Alfonso, Federal Investigator | (786) 648-5862 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

**- NOTICE OF SUIT RIGHTS -**
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

On behalf of the Commission

*Twanya Westmoreland* (Twanya Westmoreland)

March 9, 2021

Enclosures(s)

Paul Valenti,
District Director

(Date Issued)

cc:
Magic Leap, Inc.
c/o Jose I. Leon
Gordon & Reece, Scully, Mansukhani
100 S.E. Second Street
Suite 3900
Miami, FL 33131

Henry Hernandez, Esq.
Law Offices of Henry Hernandez, P.A.
2655 Lejeune Road, Suite 802
Coral Gables, FL 33134

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):** The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

<u>If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.</u>

"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):

- The limitations from the impairment no longer have to be severe or significant for the impairment to be considered substantially limiting.
- In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), "major life activities" now include the operation of major bodily functions, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.
- Only one major life activity need be substantially limited.
- With the exception of ordinary eyeglasses or contact lenses, the beneficial effects of "mitigating measures" (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) are not considered in determining if the impairment substantially limits a major life activity.
- An impairment that is "episodic" (e.g., epilepsy, depression, multiple sclerosis) or "in remission" (e.g., cancer) is a disability if it would be substantially limiting when active.
- An impairment may be substantially limiting even though it lasts or is expected to last fewer than six months.

"Regarded as" coverage:
- An individual can meet the definition of disability if an employment action was taken because of an actual or perceived impairment (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).
- "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.
- The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.
- A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note: Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.* For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.